IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In re:<br><br>Dawn Kane | Case No.: 16-10659<br>Chapter 13<br>Judge Magdeline D. Coleman |
| Dawn Kane<br><br>Plaintiff,<br><br>vs.<br><br>Wells Fargo Bank N.A.<br><br>Defendant | Adv. Pro. No. 17-00136 |

## STIPULATION OF SETTLEMENT OF COMPLAINT TO DETERMINE DISCHARGEABILITY OF DEBT AND TO AVOID SECOND LIEN

This matter coming to be heard on the Complaint of Dawn Kane ("Plaintiff") to Determine Dischargeability of Debt and to Avoid Second Lien filed and served on Wells Fargo Bank, N.A. (hereinafter referred to as "Defendant") on May 4, 2017. Defendant and Plaintiff stipulate to the following:

1. The parties stipulate that the first mortgage lien on the property located at 355 Upland Way, Drexel Hill, Pennsylvania 19026 is evidenced by a certain Mortgage dated March 1, 2005 in the principal amount of $144,000.00, recorded on March 28, 2005 as Instrument Number 2005026569 in the records of the Delaware County Recorder of Deeds (the "First Mortgage") per the subordination agreement recorded November 5, 2015 as Instrument Number 2015061016 in the records of the Delaware County Recorder of Deeds.

15-037034_SCS2

2. The parties stipulate for the purposes of resolving this adversary proceeding, that no equity exists in the Property located at 355 Upland Way, Drexel Hill, Pennsylvania 19026 to secure the second mortgage lien, evidenced by a certain Mortgage dated February 24, 2004 in the principal amount of $121,000.00, recorded on March 10, 2004 as Instrument Number 2004034228 in the records of the Delaware County Recorder of Deeds (the "Second Mortgage").

3. The parties agree that the Second Mortgage shall only be released upon the successful completion of this bankruptcy case and issuance of a discharge order. Should the bankruptcy case be dismissed or converted to another chapter under the Bankruptcy Code, the Second Mortgage will be fully reinstated.

4. In the event that the holder of the first lien on the subject property, forecloses on its security interest and extinguishes Defendant's Second Mortgage prior to the Plaintiff's completion of her Chapter 13 Plan and receipt of a Chapter 13 discharge, the Second Mortgage shall be attached to the surplus proceeds from the foreclosure sale for the full amount of the balance due and owing under the Loan Documents.

5. Upon the successful completion of the Chapter 13 Plan, Defendant shall file a release of lien with the Recorder of Deeds Office of Delaware County, Pennsylvania.

SUBMITTED BY:

*K. Velter*

Karina Velter, Esquire (94781)
Manley Deas Kochalski LLC
P.O. Box 165028
Columbus, OH 43216-5028
Telephone: 614-220-5611
Fax: 614-627-8181
Attorney for Defendant

*Jeanne Marie Cella*

Jeanne Marie Cella
215 N Olive St, Ste 101
Media, PA 19063
Telephone: 610-505-0541
Email: paralegal@lawbsc.com
Attorney for Debtor/Plaintiff

15-037034_SCS2